# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE RICHARDSON and LUCINA SERRANO,<br><br>                   Plaintiffs,<br>vs.<br>PHUSION PROJECTS, LLC<br>                   Defendant. | CASE NO. 11cv0456 JM(BGS)<br><br>ORDER DISMISSING ACTION UNDER THE FIRST-TO-FILE RULE |

Upon review of the court record in this case, and in Serrano v. Phusion Projects, LLC, 2:10-cv-08964-DSF-RZ (C.D. Cal. filed Nov. 22, 2010), the court dismisses the present action pursuant to the so-called first-to-file rule. There are at least two related actions involving the same product manufactured and sold by Phusion Projects, LLC, the Four Loko energy/alcoholic beverage. The first filed case, Serrano, involves the same Plaintiff, Lucinda Serrano, the same counsel, Howard W. Rubinstein, the same causes of action, and arises from the same occurrence or transaction at issue in the present case.[1]

When related cases are pending in two federal courts, the courts have inherent power to stay the proceedings in deference to the related action. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248,

---

[1] The court notes that Plaintiffs' counsel failed to comply with L.R. 40.1(e) by not filing a Notice of Related case. Counsel are under a continuing duty to inform the court of any related action or proceeding. L.R. 40.1(e).

1  254 (1936). Federal courts have long recognized that the principle of comity requires federal district courts to exercise care to avoid interference with each other's affairs. See <u>Sutter Corp. v. P & P Industries, Inc.</u>, 125 F.3d 914, 917 (5th Cir. 1997). This so-called first-to-file rule was developed "to serve the purpose of promoting efficiency and should not be disregarded lightly." <u>Alltrade, Inc. v. Uniweld Products, Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991) (quoting <u>Church of Scientology v. United States Dep't of the Army</u>, 6121 F.2d 738, 750 (9th Cir. 1979)). The rule may be invoked "when a complaint involving the same parties and issues has already been filed in another district." <u>Id.</u>

Here, the prerequisites to invoking the rule are satisfied. The two actions involve the same parties, overlapping counsel, and involve the same transactions, facts and occurrences. Moreover, the four alleged causes of action are based upon the same alleged wrongful conduct: (1) violation of California's unfair competition statute, Cal. Bus.&Prof. Code §17200 <u>et seq</u>., (2) violation of the Fair Advertising Act, Cal.Bus.&Prof. §17500, (3) violation of the Consumer Legal Remedies Act, Cal.CivilCode §1750 <u>et seq</u>., and (4) fraudulent concealment. The present action is a virtual copy of the first-filed <u>Serrano</u> action.

The court concludes that the principles of comity and judicial economy are furthered by either a dismissal or stay of this action. Either a dismissal or stay will avoid duplicative litigation and avoid piecemeal resolution of issues. As noted in <u>Alltrade</u> "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." 946 F.2d at 629. Here, given the identical factual and legal theories asserted in the two actions, there is no reason to believe that the <u>Serrano</u> action presents any greater, or lesser, risk of dismissal than the present action. Further, a dismissal rather than a stay discourages forum shopping. Under these circumstances, the court dismisses, rather than stays the action.

In sum, the court dismisses the action under the first-to-file rule. The clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: November 15, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties